UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Nicole Ely

v. Civil No. 20-cv-442-JD
Opinion No. 2020 DNH 140

East Coast Restaurant
and Night Clubs, LLC, et al.

O R D E R

Nicole Ely brought suit, as a putative collective action, alleging claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., that arose from her work at the Gold Club (now known as the Millennium Cabaret) in Bedford, New Hampshire. Defendants East Coast Restaurant and Night Clubs, LLC and Michael Rose moved to dismiss the claims or compel arbitration. Rose Enterprises LLC and Matthew Rose filed separate motions to dismiss the claims or compel arbitration, in which they joined in the arguments made by East Coast and Michael Rose.[1] Ely objects to the motions.[2]

[1] Default has been entered against a fifth defendant, Stephanie Rose Cudney. She has not participated in the case. The moving defendants, East Coast, Rose Enterprises, Michael Rose, and Matthew Rose, will be referred to as the defendants.

[2] Allessandra Clivio filed a consent to sue form and joined the objections to the motions to dismiss.

## Standard of Review

The defendants move to dismiss the plaintiffs' claims due to a lack of subject matter jurisdiction. Ordinarily, a motion to dismiss for lack of subject matter jurisdiction would be considered under Federal Rule of Civil Procedure 12(b)(1). See Alvarez-Mauras v. Banco Popular of P.R., 919 F.3d 617, 623 n.8 (1st Cir. 2019). The First Circuit, however, holds that an enforceable arbitration agreement does not deprive the court of jurisdiction.[3] Id. Therefore, the motion is considered on the alternative ground, as a motion to compel arbitration.

"Because [the defendants'] motion to compel arbitration was made in connection with a motion to dismiss or stay, [the court] draw[s] the relevant facts from the operative complaint and the documents submitted to the district court in support of the motion to compel arbitration." Cullinane v. Uber Techs., Inc., 893 F.3d 53, 55 (1st Cir. 2018); accord Waithaka v. Amazon.com, Inc., --- F.3d ---, 2020 WL 4034997, at *1 (1st Cir. July 17,

---

[3] The First Circuit acknowledges a split of authority on the standard that governs a motion to compel arbitration. Alvarez-Mauras, 919 F.3d at 623, n.8; see also Seldin v. Seldin, 879 F.3d 269, 272 (8th Cir. 2018) (holding that an arbitration agreement does not deprive a district court of subject matter jurisdiction); FCCI Ins. Co. v. Nicholas County Library, 2019 WL 1234319, at *3-*4 (E.D. Ky. Mar. 15, 2020) (discussing cases using different standards). As in Alvarez-Mauras, the decision here does not depend on a factual issue so that the distinctions among the available standards are not determinative.

2020). The defendants submitted copies of the contracts signed by Ely and Clivio, including the arbitration agreements.

Background

Ely alleges that East Coast Restaurant & Nightclubs, LLC, did business as Gold Club and then Millenium Cabaret, providing adult-oriented entertainment.[4] Ely further alleges that "ownership of Gold Club has been passed between defendant Michael L. Rose and his ex-wife, defendant Stephanie Rose Cudney and his son defendant Matthew Rose, who reside in Florida and South Carolina respectively." Comp. Doc. 1, ¶ 11. She identifies defendant Rose Enterprises, LLC as a South Carolina company with its business address at Matthew Rose's residence.

Ely began working as a dancer at the Gold Club in 2015 and worked there until early 2018. The job of a dancer at the club is to entertain customers. She alleges that her compensation was exclusively what she received through customer tips, which she was required to share with management and other workers at the club. She alleges that she was never paid wages and that she worked in excess of ten hours per day without overtime pay.

[4] Ely refers to East Coast Restaurant and Nightclubs, LLC, Gold Club, and Millenium Cabaret together as "Gold Club." The court will use the name "East Coast" to refer to the LLC and "Gold Club" to refer to the entertainment venue to avoid confusion between the entity and the venue.

While working at the Gold Club, Ely and Clivio each signed a "Job Description/Offer," an "Entertainer Performance Lease," and an "Agreement to Arbitrate Business, Lease and Contract Disputes."

Ely brings claims on her own behalf and as a collective action under the FLSA on behalf of:

> All of Defendants [sic] current and former exotic dancers/entertainers who worked at the Gold Club/Millenium Cabaret located in Bedford, New Hampshire at any time starting three years before this Complaint was filed.

Compl., doc. 1, ¶ 99. She alleges that the defendants mischaracterized her as an independent contractor, when she was actually an employee, and failed to pay minimum wage in violation of the FLSA, § 206; failed to pay overtime wages in violation of § 207; and unlawfully took tips in violation of § 203. She also alleges that the defendants violated 29 C.F.R. § 531.35 by imposing fees on and taking tips from the plaintiffs.

## Discussion

Defendants East Coast and Michael Rose, joined by Rose Enterprises and Matthew Rose, move to compel arbitration based on an arbitration agreement signed by Ely and Clivio.[5] They

[5] The defendants also challenged the status of Ely and Clivio due to a lack of signed consents in writing to be a party

contend that the plaintiffs agreed to arbitrate the claims they raise here. In response, the plaintiffs contend that the arbitration agreement is procedurally and substantively unconscionable, and therefore, unenforceable. The defendants reply, arguing that the arbitration agreement delegates the question of arbitrability, including the issue of whether the agreement is unconscionable, to the arbitrator.

A. Arbitration Agreement

The arbitration agreement states that the parties agree to resolve any disputes informally, but "if not resolved informally, the Parties agree and neither will object to submit the dispute to final and binding arbitration as explained below rather than filing a lawsuit in court." Doc. 14-2, at *5: Doc. 14-3, at *5.[6] "All claims must be submitted for the arbitrator to decide in the first instance." Doc. 14-2, at *5. "This Agreement will not apply if an arbitrator determines (1) that the applicable law prohibits the arbitrator from deciding a particular matter or (2) that the Agreement restricts either

---

plaintiff, as required by 29 U.S.C. § 216(b). Ely and Clivio then filed signed consents, and the defendants did not pursue the consent issue in their reply. Therefore, the court will not address that issue.

[6] Because the plaintiffs signed the same arbitration agreement, the court will cite to one rather than both.

Party from exercising a right that cannot be expressly waived by an agreement." Id., at *6.

As is pertinent to the defendants' motions, the agreement states that the scope of arbitration and arbitrability is delegated to the arbitrator. Specifically, the arbitrator is to decide all gateway questions of arbitrability, including "whether the arbitration clause is substantively or procedurally unconscionable." Id., at *8. In addition, the parties agreed that if an "Entertainer" attempted to challenge her relationship with the Gold Club or the classification of the relationship as a lessee or independent contractor, "such challenges will be heard exclusively by the arbitrator and not a court." Id. The parties also agreed to bring claims only on an individual basis and not as a class or collective action.

B. Who Decides

The plaintiffs contend that the court must decide whether an enforceable arbitration agreement exists or whether the agreement is unenforceable because it is unconscionable. The defendants argue that the arbitration agreement reserves questions of arbitrability to the arbitrator. For that reason, the defendants contend, the arbitrator, not the court, must decide whether the arbitration agreement is unconscionable.

Parties may agree to have threshold issues of arbitrability decided by the arbitrator, as long as that agreement is shown by "clear and unmistakable evidence." Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 530 (2019). Before a court refers a dispute about whether a claim is arbitrable to an arbitrator, however, the court must decide whether a valid arbitration agreement exists. 9 U.S.C. § 2 (providing that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract"); Schein, 139 S. Ct. at 530. Arbitration agreements, like other contracts, may be invalidated by defenses "such as fraud, duress, or unconscionability." Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 68 (2010).

The Supreme Court has interpreted § 2 to mean that arbitration provisions are severable from the entire contract of which they are a part and from other provisions in the contract. Rent-A-Center, 561 U.S. at 70-71. Under the severability principle, § 2 is applied to each provision of an arbitration agreement separately. Id. at 71-72. In other words, even if the party opposing arbitration can show that an arbitration agreement as a whole is not valid or that some parts of the agreement are not valid, each provision is considered separately and will be enforced separately unless shown to be invalid. Id., at 73-74; Gibbs v. Haynes Investments, LLC, --- F.3d ---,

2020 WL 4118239, at *3 (4th Cir. July 21, 2020); Tissera v. NRT New England, 438 F. Supp. 3d 115, 122 (D. Mass. 2020); Clough v. Brock Servs., LLC, 2019 WL 3806372, at *7-*8 (D. Me. Aug. 13, 2019).

In this case, the plaintiffs assert that the arbitration agreement is invalid because it is unconscionable.[7] The defendants contend that the arbitration agreement reserves the determination of whether the agreement is unconscionable to the arbitrator.

A provision in an arbitration agreement to reserve to the arbitrator the determination of whether an agreement is unconscionable is known as a delegation provision. Id. at 70; see also Tissera, 438 F. Supp. 3d at 122. A delegation provision in an arbitration agreement will be enforced under § 2, even if the opposing party has challenged the entire arbitration agreement as unconscionable, unless the delegation provision is challenged separately. Rent-A-Center, 561 U.S. at

[7] The plaintiffs cite Massachusetts law on unconscionability without any explanation for that choice. As the concurrence noted in a recent First Circuit case, there may be some disagreement about whether state law or federal common law governs the issue of unconscionability of an arbitration agreement under the FAA. Trout v. Organizacion Mundial de Boxeo, Inc., --- F.3d ---, 2020 WL 3887871, at *8-*9 (1st Cir. July 10, 2020). This court need not decide the issue here for the reasons explained below.

72; Woodmore v. Coldwater, LLC, 2020 WL 4343154, at *2 (C.D. Cal. Mar. 16, 2020).

The defendants seek to enforce the delegation provision in the arbitration agreement that reserves to the arbitrator the determination of whether the agreement is enforceable, including whether it is procedurally or substantively unconscionable. Doc. 14-2, at *7-*8. That language demonstrates a clear and unmistakable intent to submit the question of the validity of the arbitration agreement, based on an issue of unconscionability, to the arbitrator.

The plaintiffs have challenged the validity of the arbitration agreement as a whole, based on unconscionability. They argue that the agreement is procedurally unconscionable because they lacked bargaining power to negotiate its terms, and they argue that it is substantively unconscionable because it would not allow an award of attorneys' fees as is provided under the FLSA. They have not argued that the delegation provision, by itself, is unconscionable.[8] Because the plaintiffs do not challenge the delegation provision, separate from the

---

[8] The plaintiffs raised the issue of unconscionability in their objection. The defendants filed a reply, arguing that the delegation provision in the arbitration agreement required the determination of unconscionability to be made by the arbitrator. The plaintiffs, who are represented by counsel, did not file a surreply to address the issue of the delegation provision.

arbitration agreement as a whole, they have not shown that it is unenforceable. Rent-A-Center, 561 U.S., at 73-74.

C. Result

The delegation provision in the arbitration agreement has not been challenged specifically and, under § 2, must be enforced. As a result, it is for the arbitrator to decide whether the arbitration agreement is valid and enforceable.

Under 9 U.S.C. § 3, when a claim in a case is referred to arbitration and a party requests a stay, the court must stay the case until arbitration of the referred claim is complete. On the other hand, however, when all of the claims in a case are subject to arbitration, it is appropriate to dismiss the case rather than to stay it. Next Step Med. Co. v. Johnson & Johnson, 619 F.3d 67, 71 (1st Cir. 2010); Perfect Fit, LLC v. Aronowitz, 2019 WL 2144800, at *4 (D. Me. May 16, 2019).

Here, the defendants ask the court to dismiss the claims against them in favor of arbitration rather than to stay the case pending resolution of arbitration. The plaintiffs have not requested a stay. As is explained above, the threshold issues of validity and arbitrability are subject to arbitration under the delegation provision in the arbitration agreement. Therefore, the arbitrator will decide whether the arbitration

agreement is enforceable, whether it applies to the claims raised here, and, if so, will address the claims.

It is appropriate to dismiss the claims against East Coast, Michael Rose, Rose Enterprises, and Matthew Rose, without prejudice to the plaintiffs to refile some or all of the claims if the arbitrator should decide that the arbitration agreement is not enforceable or that any claim or claims are not arbitrable. See, e.g., Anderson v. Charter Comm'ns, 2020 WL 3977664, at *4 (W.D. Ky. July 14, 2020); Williams v. Conduent Human Servs. LLC, 2020 WL 3268497 (N.D. Ind. June 17, 2020); Brockie v. Spencer Gifts LLC, 2019 WL 4935616, at *4-*5 (D. Ore. July 23, 2019); Arment v. Dolgencorp, LLC 2018 WL 5921369, at *2 (E.D. Mo. Nov. 13, 2018).

D. Party in Default

As is noted above, default has been entered against defendant Stephanie Rose Cudney. Despite the default, entry of default judgment under Federal Rule of Civil Procedure 55(b) is entrusted to the sound discretion of the court. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2685 (April 2020). In exercising its discretion, the court may examine the complaint, taking the well-pleaded facts as true, to determine whether the plaintiffs have alleged

a cause of action. Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002); see also Parise v. Suarez, 2018 WL 3756427, at *3 (D.N.J. Aug. 8, 2018).

In this case, the plaintiffs bring claims under the FLSA, based on a theory that they were employees rather than independent contractors, despite the agreements they signed. As is explained above, however, those agreements are subject to arbitration. For that reason, the plaintiffs' claims must be pursued, if at all, through arbitration.

Therefore, the plaintiffs shall show cause why their claims against Stephanie Rose Cudney should not be dismissed without prejudice in favor of arbitration.

## Conclusion

For the foregoing reasons, the defendants' motions to compel arbitration (documents nos. 14, 19, and 21) are granted. The claims against East Coast Restaurant and Night Clubs, LLC, Michael Rose, Rose Enterprises LLC, and Matthew Rose are dismissed without prejudice in favor of arbitration.

The plaintiffs shall file a memorandum **on or before August 25, 2020**, to show cause why their claims against Stephanie Rose Cudney should not be dismissed without prejudice in favor of arbitration. If a show cause memorandum is not filed by that

deadline, the claims against Stephanie Rose Cudney will be dismissed without prejudice in favor of arbitration.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

August 11, 2020

cc: Counsel of record.